THE PEOPLE, EX REL BLANCH OSIER, V. MARTIN KALLENDAR, SHERIFF OF GOGEBIC COUNTY.

CRIMINAL LAW—ARREST OF RESPONDENT FOR ASSAULT AND BATTERY AFTER CONVICTION FOR SAME OFFENSE.

The respondent petitioned for a writ of *certiorari* to review the order of the circuit court of Gogebic county granting relator's application for a *mandamus* to compel respondent to serve a warrant, issued on her complaint, for assault and battery, the respondent named in said warrant having been convicted of the same offense, and having paid a nominal fine imposed by the justice of the peace who issued the first warrant, which proceedings, as claimed by the relator, were collusive. The petition of the respondent was denied October 20, 1896.

*C. E. Miller*, for respondent, contended:

1. That relator has no such interest in the act, the performance of which is sought to be enforced, as makes her a proper relator in said *mandamus* proceeding; that said act is the performance of an alleged public duty by a public officer, in the performance of which the public alone has an interest; that *mandamus* will not lie at the instance of a person who has no interest in the performance of the act sought to be enforced separate from the interests of the public at large; citing *Smith v. City of Saginaw*, 81 Mich. 123, and cases cited.

2. That the making before the justice of the peace of a complaint as the basis of the warrant the service of which is sought to be enforced not being admitted in the answer of the respondent, and there being no proof of that fact before the circuit court, it was error to grant the *mandamus* asked for; that where the return shows that the respondent has no knowledge concerning the facts necessary to relator's case, it will be sufficient to put such fact in issue; citing *People v. Ryan*, 17 Mich. 159; that no issue having been framed, and the case having been heard on petition and answer, the facts set up in the answer must be taken as true; citing *Double v. McQueen*, 96 Mich. 39.

[Supreme Court Rule No. 63 provides that "in proceedings for *mandamus*, where an order to show cause has been made, the respondent must answer fully every material allegation of the petition, and every material averment not so answered may be taken admitted by the respondent to be true as alleged." EDITOR.]

3. That the warrant in question was not issued at the instance of the prosecuting attorney of Gogebic county; that no security for costs was filed; that since the passage of How. Stat. § 7135a, which makes it unlawful "for justices of the peace to issue warrants in any criminal cases, except in cases not cognizable by justices of the peace, or breach of the peace committed in the presence of the officer making the arrest, until an order in writing allowing the same is filed with such justice, and signed by the prosecuting attorney for the county, or unless security for costs shall have been filed with said justice: *Provided*, this act shall in no way limit or affect the force of section 11 of Act No. 259, Laws of 1881, as to security for costs,"—the prosecuting attorneys for the various counties have the right to stop any prosecution in actions cognizable by justices of the peace where no security for costs has been filed; that when a warrant has been issued for such an offense, without the filing of such security or order, the sheriff in whose hands it is placed cannot be compelled to make such service against the advice of the prosecuting attorney.

[Section 11 of Act No. 259, Laws of 1881, being How. Stat. § 2280, provided that whenever complaint should be made to any justice of the peace, or police justice, of any violation of any of the provisions of the liquor law of 1881 ,he should not require security for costs to be given, etc. This act was superseded by the liquor law of 1887, section 23 of which is the same as the section hereinbefore cited, and limited the jurisdiction of justices of the peace in cases

arising thereunder to that of examining magistrates. EDITOR.]

4. That it appears from the record that the respondent named in said warrant had been tried, convicted, and punished for the same offense as that charged therein; that the prosecuting attorney of Gogebic county had investigated the matter of the alleged offense, and ascertained that such conviction was regular, legal, and without collusion; that under these circumstances he was authorized to instruct the respondent sheriff not to serve said warrant at the expense of said county; that there is nothing in the case to show the circumstances attending the alleged assault; that although said circumstances are set forth in relator's petition, respondent in his answer having left relator to her proof upon that subject, and no proof having been offered, there is nothing to show what said circumstances were, or any reason why the respondent in said warrant should be again arrested at the expense of the county for an offense for which he has already been tried and punished.

5. That *Beecher v. Anderson,* 45 Mich. 543, has no application to this proceeding; that in that case the offense charged was not triable by a justice, no written complaint or security for costs was required, nor was it necessary that the prosecuting attorney should have interposed at all; that that case was decided prior to the passage of How. Stat. § 7135a; that under the law as it existed when the *Beecher v. Anderson* case was planted the prosecuting attorney, unless called upon, had nothing to do with cases triable by justices of the peace; that in the case at bar the statute contemplates that security for costs shall be furnished in all cases so triable, unless their prosecution is authorized by the prosecuting attorney; that while the respondent is not allowed to raise this question, we know of no reason or decision why the public authorities may not raise it at any stage of the proceedings.

The facts as set forth in the petition for *certiorari* were:

1. That on August 18, 1896, the relator applied to the circuit court for Gogebic county for a *mandamus,* in which application she alleged:

*a*—That on June 23, 1896, at Watersmeet in said county, one Tell Clark struck relator on the head with a large stone and knocked her down; that he then kicked her in the face, breast, and other parts of the body; that at the time he made the assault relator was crossing the main street from the post office to the depot; that said assault was unprovoked; that on the following day relator laid the matter before the prosecuting attorney of the county; that on his advice she went before a justice of the peace of the county, and made a complaint against said Clark; that on June 30, 1896, said justice wrote her that he had been informed by said prosecuting attorney that Clark had been once tried before a justice of the peace of the same county for the same offense, and that the writer could not proceed against him a second time; that relator should have stated such fact when she made her complaint, and the writer would have given her the same advice contained in said letter; that on July 2, 1896, relator laid the case before H. M. Norris, of the firm of Button & Norris, attorneys at Bessemer, in said county, who advised her to go before W. J. Haggerson, a justice of the peace of Bessemer, and make a complaint against said Clark for an assault and battery, which relator did; that on that day a warrant was issued on said complaint, and placed in the hands of petitioner, who was sheriff of Gogebic county, for execution; that said warrant is now in his hands, but he refuses to serve it unless relator pays him for all his trouble in making such arrest; that said sheriff claims that said prosecuting attorney has informed him that the county will not pay his fees for making said arrest.

[The petitioner in his answer to an order to show cause issued on relator's application neither admitted nor denied the allegations in the petition as to the commission of said assault and battery, and the circumstances attending the same, but did admit that relator on the following day laid the matter before the prosecuting attorney, and on his advice went before a justice of the peace at Ironwood and made a complaint against Clark; and on information and belief further admitted that before the service of the warrant issued on said complaint

the prosecuting attorney ascertained that Clark had been brought before a justice of the peace of Watersmeet upon a regularly issued criminal warrant charging him with assault and battery, had been convicted upon said charge, and paid the fine and costs imposed by said justice; and further admitted the writing of the letter by said justice to relator, as alleged in her petition. The petitioner left relator to her proofs as to having laid her case before Attorney Norris, the advice given her by him, her complaint to Justice Haggerson, and the issuance of a warrant on said complaint, but admitted that said warrant was placed in petitioner's hands as sheriff, and that he refused to rerve the same unless paid an amount sufficient to pay the expenses incurred by him in traveling from Bessemer to Watersmeet in searching for said Clark; and alleged that he had been advised by the prosecuting attorney that he would oppose the payment by the county of petitioner's fees and expenses incurred in making such arrest. Petitioner alleged in this connection that when the warrant was placed in his hands, and before he had consulted with the prosecuting attorney, he made a trip to Watersmeet for the purpose of arresting Clark; that he was unable to find him; that he paid his own expenses; that afterwards he was advised by the prosecuting attorney that the warrant ought not to be served for the reason that Clark had been already tried and convicted for the same charge; that the prosecuting attorney had made sufficient investigation of the matter to convince him that the trial thus had could not be proved to have been collusive, and that Clark could not be again arrested for the same offense. EDITOR.]

b—That relator had been informed that one Luke Kern, a deputy sheriff of Watersmeet, either on the day of the assault or the following day, took said Clark before one A. D. Johnson, a justice of the peace of Watersmeet, and made complaint against him; that said Johnson, upon Clark's plea of guilty, imposed a fine of $1 and $1 costs; that if such pro-

ceedings were had it was for the purpose of shutting off a prosecution of Clark by relator; that relator was informed, and so charged, that said deputy sheriff, after seeing Clark knock her down without any attempt at making haste, crossed the street to where said Clark was kicking relator, and said to him, "There Tell, you have given her enough;" that said deputy and Clark then went across the street, and the deputy bought a drink for Clark; that relator at the time of going to the prosecuting attorney did not know that any action had been taken against Clark; that she has been informed by the wife of another justice of the peace of Watersmeet that the parties came to her husband before going to Johnson, and asked him to take a complaint against Clark, but he refused to have anything to do with the matter, and they went to Johnson.

[On information and belief the petitioner admitted, in his answer to the order to show cause, the proceedings had before Justice Johnson, except as to the amount of costs imposed on Clark, of which fact he averred a want of knowledge. As to the alleged purpose of said prosecution he left relator to her proofs; also left her to her proofs as to the action of deputy sheriff Kern, and the statement made by him to Clark; also as to whether or not relator when she went to the prosecuting attorney had knowledge of the action before then taken against Clark; also as to the information given her by the wife of the other justice to whom application was made for the arrest of Clark. EDITOR·]

2. That such proceedings were thereafter had as resulted in the issuance of an order to show cause, the filing of an answer by petitioner thereto, a hearing upon said relator's petition and said answer, and the granting of the *mandamus* asked for.

[The substance of the answer, so far as matters of fact are concerned, is set forth in connection with the averments of relator in her petition, in which answer petitioner raised the same legal objections urged by his counsel in the brief hereinbefore set forth. EDITOR]